**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF JERSEY CITY,<br><br>    Defendant. | : Civil Action No.<br>:<br>:<br>: **COMPLAINT**<br>:<br>:<br>:<br>: |

Plaintiff, North Jersey Brain & Spine Center ("NJBSC"), as assignee of benefits from defendant subscriber, J.B. (Subscriber ID# YHY3HZN57692730) (initials used to protect the dependent's identity), by way of Complaint against defendant City of Jersey City ("City"), alleges as follows:

### JURISDICTION

1. This action is brought pursuant to a federal question under the federal ERISA statute, codified at §502, 28 U.S.C. §1332.

2. Venue is proper in this district because the City, inter alia, conducts business within this judicial district and did so with plaintiff with respect to the matters that gave rise to this lawsuit.

### THE PARTIES

3. NJBSC is a medical practice specializing in surgery and treatment of the brain and spinal cord and having its office located at 680 Kinderkamack Road, Suite 300,

Oradell, New Jersey 07649. At all relevant times, NJBSC was (and is) a non-participating medical practice that performed significant surgical and other medical procedures on J.B. on several dates of service including date of service May 24, 2011.

4. The City is, upon information and belief, an employer and plan sponsor maintaining its place of business at 280 Grove Street, Jersey City, New Jersey 07302. At all relevant times, the City provided health and medical benefits to J.B. including such benefits on the date of service at issue.

## FACTS COMMON TO ALL COUNTS

5. On the date of service at issue, NJBSC's neurosurgeons performed authorized and medically necessary and/or emergent complex neurosurgical procedures on J.B.

6. Following the rendering of said procedures, and pursuant to an assignment of benefits, NJBSC submitted its bills to the City, or its administrator Horizon Blue Cross Blue Shield ("Horizon"), for processing and payment. To the extent that the City may assert an anti-assignment provision, that provision (assuming it is legally valid) has been waived by and through the course of dealings between NJBSC, the City and Horizon.

7. Said procedures, however, have not been properly paid by the City. Specifically, the City arbitrarily and capriciously refused to make payment on various procedure codes, contending that such procedures were, inter alia, duplicative of others rendered to the patient even though these services were separate and distinct and should have been properly paid.

8. NJBSC has appealed the adverse determination, without success or the payment of additional benefits. All appeals have now been exhausted and/or further

appeals would be futile because the City and/or Horizon have determined that no further benefits will be paid.

9. By and through this action, NJBSC, as the assignee of benefits from J.B., seeks damages/benefits for the City's arbitrary and capricious actions as set forth herein.

## FIRST COUNT
## (ERISA 29 U.S.C. § 1132(a)(1)(B))

10. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

11. The City's actions as set forth above constitute an arbitrary and capricious breach of the terms of the subject insurance plan entered into between the defendant and J.B. wherein the defendant agreed to provide J.B. with medical expense benefits for the surgical medical services provided by the plaintiff.

12. NJBSC is entitled to recover said medical expense benefits pursuant to ERISA, as an assignee of the benefits from J.B. pursuant to the benefit plan at issue.

13. The denial of said medical expense benefits constitutes a breach of the plan between the City and NJBSC, as assignee. The plaintiff therefore seeks reimbursement and compensation for any and all benefits it should have received as a result of the defendant's failure to provide coverage.

14. As a direct and proximate result of the aforementioned conduct of the City, NJBSC has been damaged in an amount equal to the amount of benefits to which the plaintiff should have been entitled to under the terms of the subject plan. In addition, the plaintiff is entitled to pre-judgment interest at the appropriate rate.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Damages and compensation payable under the subject ERISA benefit plan to reimburse plaintiff for medical expense benefits and payments that the plaintiff is entitled to receive as an assignee of such benefits from the participant;

b) Interest;

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA 29 U.S.C. § 1132(g)(1))

15. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

16. 29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs of an ERISA action.

17. As a result of the actions and failings of the defendant, the plaintiff had to retain the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, NJBSC anticipates incurring additional attorneys' fees and costs in pursuing this action to conclusion in an amount which will be calculated at the conclusion of the action.

18. The plaintiff therefore requests an award of reasonable attorneys' fees and costs.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Damages and compensation payable under the subject ERISA benefit plan to reimburse plaintiff for medical expense benefits and payments that the plaintiff is entitled to receive as an assignee of such benefits from the participant;

b) Interest;

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

                        **MAZIE SLATER KATZ & FREEMAN, LLC**
                        Attorneys for Plaintiff

                        BY: _____/s/ Eric D. Katz_____

DATED: January 3, 2013